UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS,<br><br>                         Plaintiffs,<br><br>   -against-<br><br>T.R. DRYWALL CONTRACTING COMPANY, L.L.C.,<br><br>                         Defendant. | Index No.: 08-CIV-0189 (CLB)<br><br>DEFAULT JUDGMENT |

---

This action having been commenced on January 9, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on the Defendant, T.R. Drywall Contracting Company, L.L.C. on January 14, 2008 via Secretary State and said Proof of Service having been filed with the Clerk of the Court on January 29, 2008 and the defendant not having appeared, answered or otherwise moved with respect to the Complaint within the time allowed by law, and the time for appearing, answering or otherwise moving having expired it is,

ORDERED, ADJUDGED AND DECREED: that the defendant permit and cooperate with an audit at the defendant's place of business and provide the following documents: payroll reports and journals, business income tax returns, general ledger and journal, books of original entry, subsidiary ledgers, payroll records, bank statements and cancelled checks, 1120 or 120's federal tax returns, W-2 and W-3 forms, 940, 941, WT4-A and WT4-B forms, 1099 forms, New York State Employment report, insurance reports, disability insurance reports, workers compensation report forms and remittance reports for the period February 2, 2007 through September 30, 2007 and directing that judgment be entered thereon for the amount stated in the audit report including interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements;

FURTHER ORDERED, that the plaintiff have judgment against defendant in the liquidated amount of Two Thousand Nine Hundred and Thirty Dollars ($2,930.00) which includes attorneys' fees in the sum of $2,500.00, plus court costs and disbursements of this action in the sum of $430.00 for bringing this action to enforce an audit.

ORDERED, that the Judgment rendered by the Court on this day in favor of the Plaintiff's be entered as a final judgment against Defendant and the Clerk of the Court is directed to enter such judgment forthwith.

Dated: White Plains, New York
Feb 19, 2008

So Ordered:

_____
Honorable Charles L. Brieant, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS, ) ) ) Plaintiffs, ) ) -against- ) ) T.R. DRYWALL CONTRACTING COMPANY, L.L.C., ) ) Defendant. ) | Index No.: 08-CIV-0189 (CLB) AFFIDAVIT FOR JUDGMENT BY DEFAULT |

---

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF WESTCHESTER )

Dana L. Henke, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC as attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

2. Plaintiff Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant, T.R. Drywall Contracting Company, L.L.C. (hereinafter referred to as Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185

4. This is an action brought by the Funds to require the Employer to permit and cooperate in the conduct of an Audit pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the International Union of Painters and Allied Trades and the Employer.

5. The Employer as party to the C.B.A. is required to permit and cooperate with the Funds and or designated agents or representatives in an audit of the Employers books and records for the purpose

of ascertaining the amount of fringe benefits contributions due the Funds and Union and verifying the accuracy of the Employer reports.

6. Jurisdiction of the subject matter of this action is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

7. This action was commenced on January 9, 2008 by the filing of a summons and complaint. The summons and complaint was served upon the Employer on January 14, 2008 via Secretary of State.

8. The Proof of Service was filed with the Clerk of this Honorable Court on January 29, 2008. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

9. The defendant has not filed or served an Answer, a Motion or otherwise responded to plaintiffs' summons and complaint.

10. The defendant refused and failed to allow the auditors to conduct a payroll audit for the period February 2, 2007 through September 30, 2007 and is liable for any delinquency contributions together with interest on the unpaid principal, liquidated damages, auditors' fees, attorneys' fees and costs and disbursements incurred in the action pursuant to the terms of the C.B.A. and in accordance with section 502 of Erisa 29 U.S.C. Section 1132.

11. As a result of defendant's default, plaintiff is entitled to damages as follows:
   a) An order for an Audit to be conducted at the defendant's office of the defendant's payroll books and records (including but not limited to payroll taxes, payroll earnings, records, stamp receipts, cash disbursement, tax forms, journals) for the period February 2, 2007 through September 30, 2007.
   b) Judgment for any unpaid amounts found due and owing pursuant to the audit including interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements.
   c) The sum of $2,930.00 for bringing this action to enforce the audit, which includes $2,500.00 in attorneys' fees, and $430.00 in court costs and disbursements.
   d) For such other and further relief as the Court deems appropriate.

**WHEREFORE,** plaintiffs' request the entry of Default and the entry of the annexed Judgment against defendant in the amount of $2,930.00 and an order for an audit of defendant's payroll books and

records for the period February 2, 2007 through September 30, 2007 and entry of damages for any amounts found due and owing pursuant the audit including interest, liquidated damages and auditors fees.

Dated: Elmsford, New York
       February 14, 2008

                                              Dana L. Henke (DLH 3025)
                                              BARNES, IACCARINO, VIRGINIA
                                              AMBINDER & SHEPHERD
                                              258 Saw Mill River Road
                                              Elmsford, New York 10523
                                              (914) 592-1515

Sworn to before me this
14th day of February, 2008

_____
Notary Public

                        CHRISTIE S. ROOS
                Notary Public, State of New York
                      No. 01RO6014276
                Qualified in Westchester County
              Commission Expires October 5, 2010

contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs and permit and cooperate in the conduct of an audit.

### PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as "Union) and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement.") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits, education and training and painting industry promotion Fund and Union dues check-off on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' have an office which is located and administered at 14 Saw Mill River Road, Hawthorne, New York 10532, in the County of Westchester.

8. Upon information and belief, the Defendant, T.R. Drywall Contracting Company, L.L.C. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 319 West 139th Street, Suite 2, New York, NY 10030, in the County of New York.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

10. The Employer executed an Agreement with the Union and/or was and still is a party to a Agreement with the Union by virtue of membership in an Employer Association.

11. The Agreement and/or Trust Indenture and/or the Policy for Collection of Delinquent Contributions adopted by the Plaintiff Funds (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

12. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement, there may be due and owing to the Funds from the Employer, contribution reports, fringe benefit contributions and dues check-off for the effective period of the Agreement.

13. Pursuant to the Agreement and the Policy, the Employer is required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of the Employer's financial records for the purpose of ascertaining whether the full amount of benefit contributions have been made to the Funds as required under the Agreement and to verify the accuracy of the Employer contribution reports.

14. The Employer has failed and refused to allow an audit by the Funds for the effective period of the collective bargaining agreement.

15. The Employer's failure, refusal or neglect to allow an audit constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries as well as a violation of the Trust Indenture and Policy.

16. Pursuant to the Agreement and the Policy upon the Employer's failure to pay contributions as they become due, the Employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest calculated at the rate of two percent over prime per month based upon the sum of all contributions due for the delinquent period; auditors' fees and attorneys' fees at the hourly rate charged to the Funds for such services and all costs incurred in initiating the court action for collection of delinquent contributions.

17. Accordingly, the Employer must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to Plaintiffs for benefit contributions found due and owing pursuant to an audit plus liquidated damages, interest, auditors' fees and attorneys' fees in an amount to be determined by the audit.

### AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint as if fully set forth at length herein.

19. In accordance with ERISA Section 209, 29 U.S.C. 1059 the Employer is responsible for maintaining the Books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

20. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

21. An Employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the Employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23. The failure to permit an audit has injured the Funds by delaying the investment of contributions that are found due pursuant to the audit and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture and Policy concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit an audit and pay the contributions that are due and owing.

25. Accordingly, the Employer must permit and cooperate in the conduct of an audit and is liable to the Funds in an amount to be determined by the audit which shall include liquidated damages, interest, auditors' fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, T.R. Drywall Contracting Company, L.L.C. as follows:

On the First and Second Claims for Relief as follows:

(a) An Order requiring the defendant to permit and cooperate in an audit of the defendant's books and records by the plaintiff or its agents for the effective period of the Trade Agreement;

(b) For a Judgment against the defendant for any monies found due and owing as a result of the audit of defendant's books and records which shall include the principal amount due plus interest calculated at 2% percent over prime per month from the date of the delinquency, liquidated damages calculated at twenty (20%) percent of the principal amount found due and attorneys fees and the cost of the audit as provided for in the Trade Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions;

(c) Retain Jurisdiction over this matter pending compliance with its Order;

(d) Court costs and disbursements as stated in Plaintiff's Policy For Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the Trade Agreement; and

(e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       January 9, 2008

                                        Respectfully submitted,

                                        BARNES, IACCARINO, VIRGINIA,
                                        AMBINDER & SHEPHERD, PLLC

                                        *Dana L. Henke* (signature)
                                        Dana L. Henke (DLH3025)
                                        Attorneys for Plaintiffs
                                        258 Saw Mill River Road
                                        Elmsford, New York 10523
                                        (914) 592-1515

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index # 08 civ. 0189       Purchased/Filed: January 9, 2008

STATE OF NEW YORK     UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT

*Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds*, Plaintiff

against

*T.R. Drywall contracting Company, L.L.C.*, Defendant

STATE OF NEW YORK    SS.:
COUNTY OF ALBANY

_____Jessica Miller_____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____January 14, 2008_____, at __2:00pm__, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons in a Civil Action and Complaint

on

_____T.R. Drywall contracting Company, L.L.C._____, the Defendant in this action, by delivering to and leaving with _____Chad Matice_____, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, __2__ true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of __40__ dollars; That said service was made pursuant to Section __303 Limited Liability Company Law__.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served: Approx. Age: __28__   Approx. Wt: __200__   Approx. Ht: __6'0"__
Color of skin: __White__   Hair color: __Brown__   Sex: __M__   Other: _____

Sworn to before me on this

__17th__ day of _____January, 2008_____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice·Work Order # SP0800408

**SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS,

                                Plaintiffs,

     -against-

T.R. DRYWALL CONTRACTING COMPANY, L.L.C.,

                                Defendant.
------------------------------------------------------------------------x

Index No.:

**SUMMONS IN A CIVIL ACTION**

**08 CIV. 0189**

**BRIEANT**

TO:    T.R. DRYWALL CONTRACTING COMPANY, L.L.C.
         319 WEST 139TH STREET, SUITE 2
         NEW YORK, NY 10030

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of the Southern District Court and serve upon

**PLAINTIFF'S ATTORNEY:**
         BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC
         258 SAW MILL RIVER ROAD
         ELMSFORD, NY 10523

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON      JAN 0 9 2008
_____      _____
                                                   DATE
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------------------
TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,    )    Index No.: 08-CIV-0189 (CLB)
                                          )
              Plaintiffs,                 )    STATEMENT OF DAMAGES
                                          )
     -against-                            )
                                          )
T.R. DRYWALL CONTRACTING COMPANY, L.L.C., )
                                          )
              Defendant.                  )
-------------------------------------------------------------------------------------------------------------------

Attorneys' Fees……………………………………………………………………….$ 2,500.00

Court Costs & Disbursements:

    Filing Fees (Index)............................................................................... $   350.00
    Process Server Fee...............……………………………………………… $    80.00


**GRAND TOTAL:**.................................................................…………………….$ 2,930.00  *ok*
                                                                                                                                                                                     *LML*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,          )        Index No.: 08-CIV-0189 (CLB)
                                               )
                    Plaintiffs,                )        CLERK'S CERTIFICATE
                                               )
        -against-                              )
                                               )
T.R. DRYWALL CONTRACTING COMPANY, L.L.C.,      )
                                               )
                    Defendant.                 )

---

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the docket entries in the above-entitled action indicate that this action commenced on January 9, 2008 with the filing of the Summons and Complaint; a copy of the Summons and Complaint was served on defendant via Secretary of State on the January 14, 2008 and proof of such service thereof was filed on January 29, 2008.

I further certify that docket entries indicate that the Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: White Plains, NY
       Feb 19    , 2008

J. MICHAEL MCMAHON
Clerk of the Court

By: _____
    Deputy Clerk

CERTIFICATE OF SERVICE

STATE OF NEW YORK         )
                          ss.:
COUNTY OF WESTCHESTER)

I, Dawn Stefanik, being duly sworn, deposes and says:

I am not a party to the within action, am over the age of 18 years and reside in Westchester County, New York. That on February 14, 2008, I served a true copy of the Default Judgment with supporting papers by mailing a true copy of same enclosed in a post-paid wrapper in an official depository by First Class Mail under the exclusive care and custody of the United States Postal Service within New York State, addressed as follows:

> T.R. DRYWALL CONTRACTING COMPANY, L.L.C.,
> 319 WEST 139TH STREET, SUITE 2
> NEW YORK, NY 10030

Dawn Stefanik

Sworn to before me this
14th day of February, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010